**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RAUF WAHEED,**

    **Plaintiff,**

**v.**               **Case No. 06-2292-KHV-DJW**

**GOLD BANC CORPORATION and
MARSHALL AND ILSLEY
CORPORATION,**

    **Defendants.**

### PROTECTIVE ORDER

    The allegations and defenses in this action may put at issue confidential personnel information of employees, confidential medical records, financial records, therapy and psychiatric records and related information of plaintiff and other employees. The allegations and defenses may also put at issue defendant's confidential non-public financial records, confidential information relating to defendant's information processing, database management and information security, confidential or private information concerning defendant's customers, trade secrets of defendant, and information defendant is required to keep private by applicable law or regulation. Pursuant to Fed. R. Civ. P. 23(c)(7), the need to prevent unnecessary disclosure of this confidential information is good cause for entry of a protective order and thus the Court grants the parties' joint motion for protective order as follows.

    1.  All documents, data, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery concerning the plaintiff's claims in this litigation (including deposition transcript pages as designated pursuant to paragraph 7 herein, and including discovery obtained from third parties) containing or comprising of:

      a.    confidential personnel information of employees;

      b.    confidential medical records, financial records, therapy and psychiatric records and related information of plaintiff and other employees; and

      c.    defendant's confidential non-public financial records, confidential information relating to defendant's information processing, database management and information security, confidential or private information concerning defendant's customers, trade secrets of defendant, and information defendant is required to keep private by applicable law or regulation

shall be considered CONFIDENTIAL INFORMATION, subject to this Protective Order if designated by any party as "Confidential" in some manner.

    2.    In the event, at any stage of the proceedings, any party to this litigation disagrees with designation of any information as CONFIDENTIAL INFORMATION, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

    3.    CONFIDENTIAL INFORMATION shall be used solely for the purpose of this litigation. Except with permission of counsel for the producing party or an order of this Court, any information designated "Confidential" shall not be used by the receiving party herein for any other purpose.

4. The parties to this Protective Order shall not disseminate or disclose information or material designated "Confidential" except as set forth herein. Disclosure of CONFIDENTIAL INFORMATION shall be limited to the parties, counsel for the parties, counsel's investigators and legal and clerical assistants, and those categories of persons listed in paragraph 5 below who are necessary to the prosecution or defense of this litigation.

5. CONFIDENTIAL INFORMATION may be disclosed to the following persons on a need-to-know basis:

    a. Potential witnesses at deposition or trial, and the witnesses' counsel, if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

    b. The Court, including any agent of the Court and any court reporter used during depositions.

    c. Any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing expert testimony in the above-referenced litigation and such person's investigators, and professional clerical assistants, and any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing professional consultation or other advisory services in connection with the above-referenced litigation and such person's investigators, and professional and clerical assistants, if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony or consultation or advisory services, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

        d.     The use of CONFIDENTIAL INFORMATION at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

      6.     Deposition testimony containing or reflecting CONFIDENTIAL INFORMATION is to be governed by the terms of this Protective Order. All deposition testimony shall be deemed confidential for a period of 60 days after counsel's receipt of a copy of the transcript. The parties shall identify those portions, if any, of the deposition which are to remain confidential within 60 days of receipt of the transcript.

      7.     Any and all documents or discovery responses claimed confidential by a party shall be identified as such by stamping or labeling each page of the document or discovery response claimed confidential with the word "Confidential" or, in the case of documents produced by a third party, by designating in writing the Bates ranges of documents considered confidential.

      8.     All originals and copies of the CONFIDENTIAL INFORMATION, together with any extracts or summaries thereof, shall be returned to the Producing Party or destroyed within 90 days of the final disposition of this litigation, whether by dismissal, settlement, judgment or appeal, and any notes or other records regarding the CONFIDENTIAL INFORMATION shall be destroyed.

      9.     If a party wishes to use any CONFIDENTIAL INFORMATION in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court. In the event that such leave is granted, such filings shall be submitted in sealed envelopes, each of which shall bear the case number of this action and a statement substantially in the following form: "This envelope contains documents protected from disclosure under a Protective Order entered by the Court. It shall not be opened or released from the custody of the Clerk of the Court

except by Order of the Court."

10. Nothing in the Protective Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents which have been requested.

11. Consent to this Protective Order shall not be construed as an agreement by any party to produce or supply any information, as a waiver by any party of its right to object to any discovery sought by any other party or as a waiver of any privilege.  Production, receipt or designation of information pursuant to this Protective Order as CONFIDENTIAL INFORMATION shall not be construed as a concession by any party that such information is relevant or material to any issue in this case.

12. It being understood by the parties to this action that certain CONFIDENTIAL INFORMATION may constitute valuable information, this Court may impose appropriate sanctions for any violation of this Protective Order.

13. In the event that a non-designating party receives any subpoena or process pertaining to any CONFIDENTIAL INFORMATION, it will immediately notify counsel for the other parties.  No party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, the person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the other parties or an order of a Court of competent jurisdiction.

14. This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms.

IT IS SO ORDERED.

Entered this 31th day of January 2007, at Kansas City, Kansas.

                                   s/ David J. Waxse
                                   David J. Waxse
                                   United States Magistrate Judge

Submitted by:

| THE SCHERMERHORN LAW FIRM | STINSON MORRISON HECKER LLP |
|---|---|
| By:  /s/ *Sandra L. Schermerhorn* | By:  /s/ *Patricia A. Konopka* |
| Sandra L. Schermerhorn, KS# 70600 | Patricia A. Konopka, KS# 17012 |
| 215 W. Pershing Road, Suite 550 | 1201 Walnut, Suite 2900 |
| Kansas City, Missouri 64108 | Kansas City, MO 64106-2150 |
| (816) 421-5553 (telephone) | (816) 842-8600 (telephone) |
| (816) 421-6377 (facsimile) | (816) 691-3495 (facsimile) |
| schermerhorn@kcnet.com | pkonopka@stinsonmoheck.com |
| ATTORNEYS FOR PLAINTIFF RAUF WAHEED | ATTORNEYS FOR DEFENDANT MARSHALL & ILSLEY CORPORATION |